In re Ross, Cleveland; — Defendant; Applying For Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. C, No. 515-956, Benedict J. Willard, J.; to the Court of Appeal, Fourth Circuit, No. 2013-K-1181.
ORDER
Writ granted. When a search is conducted for probation violations, the State’s burden is met when it establishes that there was a reasonable suspicion that criminal activity was occurring. State v. Marino, 00-1131 (La.App. 4 Cir. 6/27/01); 804 So.2d 47, 52. Also, when evidence is seized without a warrant, the State shall have the burden of proving admissibility at the hearing on the motion to suppress. La. C. Cr. Proc. art. 704(D). Here, the State did not put on evidence that the probation officer had such reasonable suspicion, nor did it put on any evidence that the Defendant consented to the warrant-less search or that the contraband was found in plain view. Thus, the State did not meet its burden, and the trial court erred in denying the motion to suppress. The trial court’s judgment is reversed and the motion is granted.
VICTORY, J., would grant and remand to the trial court.
KNOLL, J., would deny.