LEDET, J.,
CONCURS WITH REASONS
[,Although I agree with the majority’s decision that the State’s writ should be denied, I write separately because I would reach that result for a different reason. I would find that the probation agents’ compliance check crossed the line to a war-rantless probation violations search. “When a search is conducted for probation violations, the State’s burden is met when it establishes that there was a reasonable suspicion that criminal activity was occurring.” State v. Ross, 13-2069 (La. 9/18/13), 127 So.3d 908 (citing State v. Marino, GO-1131, p. 5 (La. App. 4 Cir. 6/27/01), 804 So.2d 47, 52). I would find the State failed to meet its burden.
The probation agents crossed the line from a compliance check to a probation violations search when they executed an abrupt entry into the bedroom where the defendant and his girlfriend were sleeping, handcuffed them, and removed them fi-om the bedroom. Only after crossing the line did the agents observe the ammunition that could have provided them with the requisite cause to conduct a more thorough, warrantless search. The State failed to present evidence that before crossing the line the probation agents had reasonable suspicion to justify a probation violations search. Given the initial intrusion was unreasonable, I cannot conclude the district court erred in granting the defendant’s motion to suppress. For these reasons, I concur in the majority’s decision to deny the State’s writ.